**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLARENCE S. ALLEN,**

     **Plaintiff,**

**vs.**                                                                  **Case No. 4:06cv456-MP/WCS**

**HOWARD CLARK,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se*, was previously directed to file an amended *in forma pauperis* application with the required documentation concerning his inmate bank account, and an amended civil rights complaint which is on court forms.  Doc. 5. In response, Plaintiff has provided the *in forma pauperis* information, but he has not yet submitted the amended complaint.  *Id.*  Nevertheless, Plaintiff was given until November 6th to comply, and that deadline has not expired.

An independent review has been made of the cases Plaintiff has previously filed, as well as review of his *in forma pauperis* application.  Plaintiff's inmate bank account information reveals he lacks funds with which to pay the filing fee for this civil case.

Doc. 6.  However, it also appears that Plaintiff is not entitled to proceed *in forma pauperis* in the federal courts.

Plaintiff, while incarcerated at Jefferson Correctional Institution, initiated case 3:99cv312 in the Middle District of Florida, Jacksonville Division.  In that case, a Magistrate Judge issued an order to Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to serve process.  Doc. 7 of case 3:99cv312.  Plaintiff responded by arguing that he was going to become a registered lobbyist and once he does, he could proceed on a fifty million insurance fraud claim against the Social Security Administration.  On February 1, 2000, United States District Judge Harvey Schlesinger found Plaintiff's response "frivolous" and the case was dismissed.  Doc. 9 of case 3:99cv312.

Plaintiff previously initiated case 4:03cv77 in this Court.  That case was dismissed for failure to state a claim upon which relief may be granted.  Doc. 13 of case 4:03cv77.  Plaintiff also previously filed case 4:03cv226 in this Court.  Similar to this case, that case was also brought against Defendant Howard Clark.  Case 4:03cv226 was dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has three strikes in three different cases and is not entitled to proceed *in forma pauperis* in this case.  The claims, as much as can be understood from his case initiating documents, *see* doc. 1, do not bring him within the imminent danger exception of 28 U.S.C. § 1915(g).  Indeed, Plaintiff's claims in this action are frivolous and unintelligible.  Therefor, this case must be dismissed without prejudice to Plaintiff refiling the case and simultaneously submitting the full filing fee.  *See* Dupree v. Palmer**,** 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**